UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

- v. -

LAWRENCE BILLIMEK,

           Defendants.

CONSENT ORDER OF
INTERLOCUTORY SALE
OF REAL PROPERTY

22 Cr. 675 (PGG)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS, on or about December 12, 2022, LAWRENCE BILLIMEK (the "Defendant"), and another, was charged in a three-count Sealed Indictment, 22 Cr. 675 (PGG) (the "Indictment"), with conspiracy to commit securities fraud and wire fraud, in violation of Title 18, United States Code, Section 371 (Count One); securities fraud, in violation of Title 15, United States Code, Sections 78j(b) & 78ff, Title 17, Code of Federal Regulations, Sections 240.10b-5, 240.10b5-1 and 240.10b5-2, Title 18, United States Code, Section 2 (Count Two); and wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Count Three);

WHEREAS, the Indictment included a forfeiture allegation as to Counts One through Three of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts One through Three of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One through Three of the Indictment and, among other things, the following specific property:

    a. The real property located at 56854 Besson Road, Bend, Oregon, and all proceeds traceable thereto (the "Besson Road Property");

    b. The real property located at 5808 Beacon Drive, Austin, Texas, and all proceeds traceable thereto (the "Beacon Drive Property");

    c. The real property located at 1903 Eva Street, Austin, Texas, and all proceeds traceable thereto (the "Eva Street Property");

    d. The real property located at 4460 Aku Road, Hanalei, Hawaii, and all proceeds traceable thereto (the "Aku Road Property"); and

    e. The real property located at 181 Hyndman View Drive, Hailey, Idaho, and all proceeds traceable thereto (the "Hyndman View Drive Property");

(a through e., collectively, the "Subject Property");

WHEREAS, the Besson Road Property is titled in the name of the Defendant;

WHEREAS, the Beacon Drive Property and the Eva Street Property are titled in the name of Menehune Madness, LLC;

WHEREAS, the Aku Road Property is titled in the name of 4460 Aku LLC;

WHEREAS, the Hyndman View Drive Property is title in the name of the Defendant and his wife, Amy Billimek;

WHEREAS, Menehune Madness, LLC and 4460 Aku LLC are owned entirely by the Defendant;

WHEREAS, on or about November 28, 2023, the Defendant pled guilty to Count Two of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count Two of the Indictment and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), (i) a sum of money equal to $12,249,000.00 in United States currency, representing the amount of proceeds traceable to the commission of the offense charged

in Count Two of the Indictment and (ii) all right, title and interest of the Defendant in, among other things, the Specific Property;

WHEREAS, on or about November 28, 2023, the Court entered a Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, forfeiting all right, title and interest of the Defendant in, *inter alia*, the Subject Property; and

WHEREAS, the Government and the Defendant have agreed to the interlocutory sale of the Subject Property by the Defendant before the conclusion of the forfeiture proceedings in order to preserve the value of the Subject Property pending a final order of forfeiture, with the net proceeds of the sale to be held as the substitute *res* pending further order of this Court;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorney Jason A. Richman, of counsel, Defendant and his counsel, Telemachus P. Kasulis, Esq., and Amy Billimek, the Defendant's wife, and her counsel, Telemachus Kasulis Esq., that:

1. The Defendant is authorized to sell the Subject Property in a commercially feasible manner to achieve the highest possible sale price for the Subject Property, which shall involve listing the Subject Property with a licensed real estate broker. The United States, or its designee, may, in its sole discretion, reject any offer to purchase the Subject Property for insufficient value, or where it determines that the offer is being made by, or on behalf of, a person involved in the criminal activity alleged as the basis for forfeiture.

2. Prior to listing the Subject Property, the Defendant shall provide an appraisal of the Subject Property to the Government. The Government shall have the option of providing their own appraisals for the Subject Property to the Defendant prior to determining a

listing price for the Subject Property.

3. Upon the receipt of an offer from a potential buyer for the Subject Property, the Defendant shall provide notice to the Government and shall not accept any offer that is less than two-thirds of the appraised value.

4. Upon the sale of the Subject Property the net proceeds shall be deposited in the Seized Asset Depository Fund ("SADF") pending the resolution of this matter.

5. The net proceeds for the sale of the Subject Property will include all moneys realized from the sale of the Subject Property, except for the following:

    a. Any outstanding mortgages;
    b. Real estate commissions, fees;
    c. Any other real estate, property, transfer, association or other tax, which is due and owing at the time of the sale;
    d. Insurance costs;
    e. Escrow fees;
    f. Title fees; and
    g. County transfer fees

(hereinafter, the "Net Proceeds").

6. The Defendant shall, upon filing of this Interlocutory Order, take all usual and customary steps to sell the Subject Property in accordance with all laws and procedural rules applicable to such sale, with a purpose to effect actual sale within one hundred and twenty (120) days from the date of entry of this Interlocutory Sale Order.

7. In the event the Defendant fails to secure a contract of sale within one hundred and twenty (120) days and provided the Government does not consent to extend this time period the Government is authorized to assume responsibility for the sale of the Subject Property.

8. The Net Proceeds, and any and all income or interest accrued thereon, shall be the substitute *res* for the Subject Property (the "Substitute Res") and will serve as a substitute

res for the Subject Property in the above-captioned case, with all claims and defenses applicable to the Subject Property, including any other action that may be brought by the United States Attorney's Office ("USAO") for forfeiture of the Subject Property or claims by third parties, to apply instead to the Substitute Res.

9. The Net Proceeds shall be issued in a check made payable to the United States Marshals Service and referencing "U.S. v. Billimek, 22 Cr. 675 (PGG)" and the address of the property in the memorandum section of the check and deposited and held by the United States Marshals Service (or its designee) in the SADF pending entry of a final order of forfeiture.

10. In furtherance of the interlocutory sale the parties agree to execute promptly any documents which may be required to complete the interlocutory sale of the Subject Property.

11. The Defendant shall maintain the Subject Property in the same condition as the Subject Property is currently in, and shall not remove, destroy, alienate, transfer, detract from, remodel, or alter in any way, the Subject Property or any fixture, which is part of the Subject Property, reasonable wear and tear excepted.

12. Until the sale of the Subject Property, the Defendant shall pay outstanding and ongoing mortgage payments on the Subject Property and pay any taxes that come due on the Subject Property.

13. This Interlocutory Order may be executed in counterparts, each of which shall be deemed an original, and all of which, when taken together, shall be deemed the complete Interlocutory Order. Signature pages may be by fax or transmitted electronically, and such signatures shall be deemed to be valid originals.

14. This Interlocutory Order constitutes the complete agreement between the parties hereto and may not be amended except by written consent thereof.

15. The parties hereby waive all rights to appeal or to otherwise challenge or contest the validity of this Interlocutory Order.

16. Each party agrees to bear its costs and attorneys' fees.

17. The Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this Interlocutory Order.

STIPULATED TO:

DAMIAN WILLIAMS
United States Attorney
Southern District of New York
United States of America

By: /s/ Jason A. Richman                            April 15, 2024
    Jason A. Richman                                Date
    Assistant United States Attorney
    One Saint Andrews Plaza
    New York, New York 10007
    (212) 637-2589

LAWRENCE BILLIMEK

By: [signature]                                     April 10, 2024
    LAWRENCE BILLIMEK                               Date

MENEHUNE MADNESS, LLC

By: [signature]                                     April 10, 2024
    LAWRENCE BILLIMEK                               Date
    Sole Member of Menehune Madness, LLC

[SIGNATURES CONTINUE ON FOLLOWING PAGE]

4460 AKU LLC

By: _____     April 10, 2024
    LAWRENCE BILLIMEK                    Date
    Sole Member of 4460 AKU LLC


By:  /s/ Telemachus P. Kasulis           4/11/2024
    _____      Date
    Telemachus P. Kasulis, Esq.
    Attorney for Defendant,
    Menehune Madness, LLC and 4460 Aku LLC
    Morvillo Abramowitz Grand Iason & Anello P.C.
    565 Fifth Avenue
    New York, NY 10017


AMY BILLIMEK

By: _____     04/10/2024
    Amy Billimek                         DATE


By:  /s/ Telemachus P. Kasulis           4/11/2024
    TELEMACHUS KASULIS, Esq.              DATE
    Attorney for Amy Billimek

SO ORDERED:

_____          April 19, 2024
HONORABLE PAUL G. GARDEPHE               DATE
UNITED STATES DISTRICT JUDGE