

570 Lexington Avenue, Suite 3500
New York, NY 10022

Marc L. Mukasey
Partner
212-466-6406
Marc.mukasey@mukaseylaw.com

May 15, 2024

**VIA ECF**
The Honorable Paul G. Gardephe
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

  Re: *United States v. Lawrence Billimek*, 22-cr-675-PGG

Dear Judge Gardephe:

  This letter is respectfully submitted in response to the Court's Order of May 14, 2024, ECF No. 72, directing defendant Lawrence Billimek to address: (1) various components of restitution; (2) the Probation Department's assertion that Mr. Billimek has not disclosed details regarding the sale of two properties, including disposition of the proceeds; and (3) the Probation Department's assertion that the defendant has not explained how he is able to cover monthly expenses based on his monthly income. Mr. Billimek's responses are set forth below.

  **Amount of Restitution**

  The Court's Order directs the defendant to address the appropriate amount of restitution, including "client impact," attorneys' fees, expert fees, and pre-judgment interest. ECF No. 72 at 1.

  As a threshold matter, there is some disagreement in the district courts about whether securities fraud, the charge to which Mr. Billimek pled guilty, is a covered offense under 18 U.S.C. § 3663A. In *United States v. Afriyie,* 27 F.4th 161 (2d Cir. 2022), the defendant was convicted of securities fraud under Title 15. In a footnote, the Second Circuit observed that "[t]he MVRA applies in sentencing proceedings for convictions of an offense against property under this title, i.e., Title 18, or of other specific crimes not relevant here. 18 U.S.C. § 3663A(c)(1). On this basis, a few district courts in this Circuit have concluded that the MVRA does not allow restitution for securities fraud." *Id.* at n.1 (citing *United States v. Petit*, 541 F.

The Hon. Paul G. Gardephe, U.S.D.J.
May 15, 2024
Page 2

Supp. 3d 304, 307 (S.D.N.Y. 2021); *United States v. Cuti*, No. 08 Cr. 972 (DAB), 2011 WL 3585988, at *6 n.9 (S.D.N.Y. July 29, 2011)) (internal quotations omitted). *See also United States v. Meredith,* 52 F.4th 984, n.1 (5th Cir. 2022) (§ 3663A does not apply to title 15 crimes like Meredith's securities fraud. *See id.* § 3663A(c)(1) (covered crimes)).

The statutory support for restitution in this case is the more general restitution statute in 18 U.S.C. § 3663 and its authorization for restitution awards when parties agree to them. *See id.* § 3663(a)(3). In determining whether to order restitution, § 3663(a)(1)(B)(ii) requires the Court to consider "the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, and such other factors as the court deems appropriate." Here, the PSR provides that Mr. Billimek has a total net worth of $12,269,307, ECF No. 61 at 21, and he has agreed to forfeit $12,249,000 pursuant to the plea agreement. Mr. Billimek submits that his financial circumstances and diminished employment and future earnings prospects therefore support a determination that restitution is not appropriate in this case.

However, in the event that the Court determines that restitution is appropriate, Mr. Billimek submits that the Court should apportion liability between himself and co-defendant Alan Williams to reflect their respective levels of contribution to the victims' losses. *See* 18 U.S.C. § 3664(h). The PSR submits that the defendants' trading scheme generated over $47 million in profits, of which Mr. Billimek received approximately $12 million, or 25.5%. ECF No. 61 at 35. Mr. Billimek respectfully requests that if the Court does order restitution, that it apportion liability between Mr. Billimek, at 25.5%, and Mr. Williams, at 74.5%. *See United States v. Kerekes*, 531 F. App'x. 182, 184 (2d Cir. 2013) (affirming use of defendant's bonus amount to approximate percentage of overall loss amount for which defendant should be responsible as restitution); *see also United States v. Yalincak*, 30 F.4th 115, 122 (2d Cir. 2022) ("Congress has vested the district court with considerable discretion in fashioning restitution orders . . . Section 3664(h) thus empowers district courts either to require each defendant to pay 'the full amount of restitution,' or to apportion liability among defendants according to the level of responsibility each defendant has for the victim or the victims' losses.").

In terms of the appropriate amount of restitution, Mr. Billimek does not object to the PSR's finding, based on the analysis conducted by Nuveen's expert firms, that $38 million is a reasonable approximation of "client impact" restitution owed to Nuveen's clients by Billimek and co-defendant Alan Williams. ECF No. 61 ¶ 34. Mr. Billimek acknowledges and accepts his share of the responsibility to make sure Nuveen is made whole for compensating its clients.

With respect to attorneys' fees and expert fees, Nuveen seeks restitution in the amount of $310,674.12 and $121,947.50, respectively. ECF No. 71-1 at 2. Both categories of fees are recoverable as restitution by victims so long as they were incurred in connection with: (1) responding to subpoenas and requests from the government in connection with assisting in the prosecution; (2) preparation of witnesses who testify at trial; or (3) preparation of materials in support of a post-verdict request for restitution. *United States v. Avenatti*, 2022 WL 452385, at *5 (S.D.N.Y. Feb. 14, 2022) (citing *United States v. Afriyie*, 16-CR-377 (PAE), 2020 WL 634425, at *2 (S.D.N.Y. Feb. 11, 2020)).

The Hon. Paul G. Gardephe, U.S.D.J.
May 15, 2024
Page 3

Mr. Billimek does not oppose Nuveen's recovery of legal fees and expert fees that fall into one of these categories, provided that the Court has received sufficient documentation to determine the amount of fees that are recoverable under 18 U.S.C. § 3663(b)(4).  Courts typically evaluate the recoverability of legal expenses as restitution by evaluating a law firm's billing records.  *See Avenatti*, 2022 WL 452385, at *10; *cf. United States v. Hild*, 19-cr-00602-RA-1, 2023 WL 8622194, at *4 (S.D.N.Y. Dec. 13, 2023) ("The Court must have some documentation to determine the basis for the fees and whether they are compensable under the MVRA . . . As it stands now, the Court cannot assess the propriety of any legal fee award on the record provided.").

With respect to prejudgment interest, courts in this district have applied the post-judgment interest rate set forth in 18 U.S.C. § 3612(f)(2)(B), which equals "the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the first day on which the defendant is liable for interest."  *See e.g.*, *United States v. Smerling*, 21-cr-318 (DLC), 2022 WL 1806300, at *2 (S.D.N.Y. June 1, 2022).  As to Nuveen, the company represents that it has "made its clients whole" through a payment of $38 million "in client impact."  ECF No. 71-1 at 2.  Mr. Billimek therefore may be liable to Nuveen for prejudgment interest from the date on which the company made that client impact payment.  Although that date is not provided in the company's victim impact statement, it appears to be sometime during the first week of January 2024, based on Peregrine's use of December 22-29, 2023 to calculate the applicable interest rate of 4.81%.  ECF No. 71-1 at 3, 14-17.  If that is incorrect, presumably the payment date can be provided by the government or Nuveen's counsel.  Once the payment date is known, Mr. Billimek does not oppose Nuveen's recovery of prejudgment interest from the date of its client impact payment through the date of the judgment, at the interest rate set forth in 18 U.S.C. § 3612(f)(2)(B).

Any prejudgment interest prior to Nuveen's client impact payment would seemingly not be payable to Nuveen but rather to Nuveen's clients, since Nuveen does not appear to have compensated its clients for that loss.  18 U.S.C. § 3664(j)(1) ("If a victim has received compensation from insurance or any other source with respect to a loss, the court shall order that restitution be paid to the person who provided or is obligated to provide the compensation[.]"); *see also United States v. Thompson*, 792 F.3d 273, 279 (2d Cir. 2015) ("[B]oth this court and our sister Circuits have consistently distinguished between the victims of a crime under the MVRA and providers of compensation.") (citing *United States v. Cuti*, 778 F.3d 83, 92 (2d Cir. 2015) (holding that § 3664(j)(1) permits restitution directly to a "third party" where that "third party has . . . paid an expense incurred by the victim")).

In sum, Mr. Billimek does not oppose the Court's entry of a restitution order apportioning his liability in the amount of 25.5% of Nuveen's $38 million client impact payment, recoverable legal and expert fees as determined by sufficient supporting documentation, and prejudgment interest from the date of Nuveen's client impact payment at the interest rate set forth in 18 U.S.C. § 3612(f)(2)(B).

The Hon. Paul G. Gardephe, U.S.D.J.
May 15, 2024
Page 4

**Disclosure of Sale of Property**

The Court orders Mr. Billimek to address the "Probation Department's assertion that Defendant has not disclosed the details regarding the sale of property located at 4460 Aku Road, Hanalei, HI and 5-7320 Kuhio Highway, Hanalei, HI, including the disposition of the proceeds." ECF No. 72 at 2.

1. **4460 Aku Road Hanalei, HI**

We are informed that Mr. Billimek has not sold the property located at **4460** Aku Road, **Hanalei**, HI. This property is subject to the Preliminary Forfeiture Order dated November 28, 2023. ECF No. 52. When this property is sold, the proceeds will be forfeited to the government in accordance with the Preliminary Forfeiture Order. *Id.*

As to the property located at **4405A** Aku Road, **Kauai**, HI, we are told that Mr. Billimek owned this property jointly with his wife. *See* ECF No. 61 at ¶ 99, 32. This property was placed and held in an LLC named "Ahi Aku LLC." *Id.* at ¶ 100, 32. The property was a rental property and was placed and held in Ahi Aku LLC for liability purposes. *Id.* We are told that no other assets were held in Ahi Aku LLC. The property at 4405A Aku Road, Kauai, HI was not identified in the government's forfeiture allegations. ECF No. 1 at 12-14. We are informed that Mr. Billimek sold this property in 2023 for $2,125,000.00, of which he retained net proceeds of about $1,865,079.00. ECF No. 61 at ¶ 99. The property was sold to Kelly East LLC. *Id.* at ¶¶ 99-100, 32. Mr. Billimek, his wife, and his children have no ownership or beneficial interest in Kelly East LLC. *Id.* at 32. We are told that the proceeds from the sale of the property were utilized to cover living and legal expenses. The remaining proceeds from the sale of the property are held in Mr. Billimek's personal bank accounts and cryptocurrency investments which were disclosed to Probation. *See id.* at 20-21.

2. **5-7320 Kuhio Highway, Hanalei, HI**

We are told that Mr. Billimek owned the property located at 5-7320 Kuhio Highway, Hanalei, HI jointly with his wife. ECF No. 61, ¶ 101. The property was placed and held in a trust named "5-7320 Kuhio Highway Trust." *Id.* The property was a rental property and was placed and held in 5-7320 Highway Trust for liability purposes. We are told that no other assets were held in 5-7320 Kuhio Highway Trust. The property was sold in 2021 for about $1,950,000 to Triple X Trust. *Id.* at ¶ 101. Mr. Billimek, his wife, and his children have no ownership or beneficial interest in Triple X Trust. *Id.* at 33. We are told the property was sold as a part of a 1031 Exchange towards the purchase of 181 Hyndman View Drive, Hailey, Idaho. We are informed that all the proceeds from the sale of 5-7320 Kuhio Highway Hanalei, HI were a part of the exchange. The property at 181 Hyndman View Drive, Hailey, Idaho is a property identified in the Preliminary Forfeiture Order. ECF No. 52 at 2.

Mr. Billimek wishes the Court to know that whatever confusion resulted from the rental properties being held in LLCs or trusts was inadvertent and not the result of any attempt to withhold or mislead Probation.

The Hon. Paul G. Gardephe, U.S.D.J.
May 15, 2024
Page 5

### Monthly Expenses

The Court's Order directs the defendant to address "the Probation Department's assertion that the Defendant has not explained how he is able to cover monthly expenses of $38,960 on a monthly income of $23,941."  ECF No. 72 at 2.

Mr. Billimek provides that a significant portion of both his monthly income and expenses stem from the rental properties that are the subject of the Preliminary Forfeiture Order.  ECF No. 52.  We are told that the income and expenses related to these rental properties fluctuate from month to month based on seasonal and tourist demand.  He attempted to produce a complete picture of his total monthly cash flow by providing to Probation an average of his monthly income and expenses for the rental properties.

Mr. Billimek acknowledges that he has a shortfall between his monthly income and expenses that varies from month to month.  He informs that he has been covering the shortfall with proceeds from the sale of 4405A Aku Road, Kauai, HI, *supra*, and from the sale of cryptocurrency investments.  Ultimately, Mr. Billimek believes that his monthly expenses will decrease upon the sale of the properties listed in the Preliminary Forfeiture Order.

### Additional Point(s)

The forfeiture allegations set forth in the Indictment include the following asset at paragraph 18h: "$150,000 of value in the Scenic Capital Advisors HIES Medical Center, LLC, and all proceeds traceable thereto."  ECF No. 1 at 13.  This asset is subject to a government *lis pendens*.  This asset was not included in the government's Preliminary Forfeiture Order. ECF No. 52.  This asset was inadvertently omitted from Mr. Billimek's financial disclosure and was not reflected in the PSR's "Financial Condition: Ability to Pay" Section.  *See* ECF No. 61, ¶ 94-108.

                                                    Respectfully submitted,

                                                    /s/ Marc L. Mukasey
                                                    Marc L. Mukasey
                                                    Stephanie Guaba
                                                    Michael Westfal

Cc:    AUSA Jason A. Richman (via ECF)
        Telemachus P. Kasulis (via ECF)
        Courtney D. Morphet (via ECF)