*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*26 Federal Plaza*
*New York, New York 10278*

June 11, 2024

**VIA CM/ECF**

The Honorable Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *United States v. Lawrence Billimek*, S1 22 Cr. 675 (PGG)

Dear Judge Gardephe:

      The Government respectfully submits this memorandum in response to the defendant's June 4, 2024 letter concerning the apportionment of restitution in this matter ("Def. Mem.," Dkt. 82). Attached as Exhibit A is a letter from counsel for the victim, Nuveen, in response to the defendant's objection to the proposed calculation of attorneys' and expert fees.

1. **Relevant Procedural History**

      On November 28, 2023, the defendant pled guilty, pursuant to a plea agreement (the "Plea Agreement") with the Government to Count 2 of Indictment S1 22 Cr. 675 (PGG), charging him with securities fraud, in violation of Title 15, United States Code, Section 78j(b) & 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5, and Title 18, United States Code, Section 2. Among other things, the Plea Agreement established that the defendant agreed "to make restitution in an amount ordered by the Court in accordance with 18 U.S.C. §§ 3663, 3663A, and 3664." (February 29. 2024 Presentence Investigation Report ("PSR") ¶ 6(m)). The Probation Office calculated that restitution in the amount of $38,432,621.62 to Nuveen was appropriate. (PSR ¶ 118). The Probation Office further concluded that this was to be joint and several with co-defendant Alan Williams. (*Id.*). At sentencing, the Court concluded that, because the defendant and his co-defendant were equally culpable for victim losses, the restitution award would be joint and several. (May 20, 2024 Sentencing Tr. at 37). Defense counsel then asked for the opportunity to further brief this issue, which the Court granted. (*Id.* at 37-39).

2. **Applicable Law**

      The Victim and Witness Protection Act ("VWPA") provides in pertinent part that a federal court may "order restitution in any criminal case to the extent agreed by the parties in a plea agreement." 18 U.S.C. § 3663(a)(3). Similarly, the Mandatory Victims Restitution Act ("MVRA") allows parties to stipulate to restitution in a plea agreement in at least some circumstances. *See* 18 U.S.C. § 3663A(a)(3), (c)(2). Any restitution amount must be determined by a preponderance of the evidence. 18 U.S.C. § 3664(e). And a district court has "broad discretion

to determine restitution" and need only make a "reasonable estimate" of the actual loss "based on the evidence before it." *United States v. Milstein*, 481 F.3d 132, 137 (2d Cir. 2007)

"In each order of restitution, the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant." 18 U.S.C. § 3664(f)(1)(A). If the court determines that more than one defendant contributed to a victim's loss, the court "may make each defendant liable for payment of the full amount of restitution or may apportion liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant." 18 U.S.C. § 3664(h); *see also United States v. Nucci*, 364 F.3d 419, 424 (2d Cir. 2004) (affirming sentencing court's decision not to apportion restitution amount); *United States v. Baig*, 669 F. App'x 587, 589 (2d Cir. 2016) (affirming denial of apportionment request based on defendant's putative "*de minimis* role in the conspiracy")

### 3. The Court Should Not Apportion Restitution

The Court should reject the defendant's arguments concerning the apportionment of restitution in this case. As the defendant concedes, and as the Court reviewed at sentencing, the Court has significant discretion in fashioning restitution orders, and, as the Second Circuit has repeatedly emphasized, the primary goal of restitution is to compensate victims for the losses they have suffered. (Def. Mem. at 7-8). Here, the defendant was the most culpable actor in the conspiracy and the direct cause of every cent of loss—without him, there would have been no insider trading conspiracy at all. Given the defendant's "contribution to the victim's loss," he should be held fully liable and restitution should not be apportioned. *See* 18 U.S.C. 3664(h).

The defendant cites to three cases in purported support of his argument for apportionment—none are persuasive. First, the defendant cites to *United States v. Kerekes*, 531 F. App'x 182 (2d Cir. 2013) (Summary Order). In *Kerekes*, the district court apportioned restitution between co-conspirators, and held Kerekes liable for $2,000,000 of the total loss. 531 F. App'x at 184. The Second Circuit held that the district court was "within its discretion to find that Kerekes had a relatively modest role in the conspiracy" and that the "bonus that the defendant had been paid for his work on the criminal scheme" was a fair approximation of the appropriate restitution. *Id.* The Second Circuit, however, leaned heavily on the standard of review, noting that "[e]ven if we might have reached a different conclusion in the first instance, this analysis was not an abuse of discretion." *Id.* at 184-85. In this case, of course, the defendant had far from a "relatively modest role" in the conspiracy—indeed, he was arguably the most culpable member, at the center of the conspiracy, and responsible for the full amount of loss. Coupled with the Second Circuit's tacit skepticism at the district court's decision—falling back on the standard of review, and implying that it would have landed in a different place in the first instance—this case runs counter to the defendant's argument.

Next, the defendant cites to *United States v. Constantine*, No. 21 Cr. 530 (SHS), 2023 WL 6587985 (S.D.N.Y. Oct. 10, 2023). In *Constantine*, the district court apportioned liability among co-defendants, and Constantine was assigned liability "on only those claims in which he was involved … being ascribed liability to each victim to the extent that he participated on a claim that caused losses for that victim." *Constantine*, 2023 WL 6587985, at *4. Thus, the situation was a far cry from that at issue in this case, where, again, the defendant was "involved" and

"participated" in every single transaction that caused losses to the victim. Thus, as with *Kerekes*, this case does nothing to support the defendant's position and instead underscores that it should be rejected.

The third case the defendant cites is *United States v. Morris*, No. 06 Cr. 486 (KMK), 2008 WL 11442015 (S.D.N.Y. Feb. 13, 2008). In *Morris*, the defendant argued that his restitution amount should be apportioned because (a) his level of contribution for the loss amount was lower than his co-defendants and (b) a third co-defendant had his restitution apportioned, and, thus, fairness mandated the same for the defendant. *Morris*, 2008 WL 11442015, at *6. The district court acknowledged that it had discretion to apportion restitution, but then rejected the defendant's argument. First, the court held that, even if the defendant was "marginally less responsible" than his co-defendant in the case, he (and his second co-defendant) were more responsible than the third co-defendant, and thus his argument regarding contribution to loss failed. *Id*. Second, the court noted that the third co-defendant "played a far less integral role" in the offense conduct, thus supporting the apportionment of restitution for that defendant. *Id*. The court did go on to note, as well, that the third co-defendant "was unemployed and had been so for a substantial time" in supporting this decision. *Id*. Again, this case is easily distinguished. First, the defendant here was not "far less integral" than his co-defendants; he was the most culpable member of the conspiracy and should be held responsible as such. Second, while the defendant makes certain claims about his financial status, as the Court is aware, the defendant reported over $15 million in assets, a far cry from someone who was unemployed "for a substantial time," and the defendant reported ongoing income and employment at sentencing. As such, again, *Morris* does nothing to help the defendant's cause.

Finally, the defendant makes much of the purported economic circumstances of the defendant and his co-defendant and the likelihood of recovery from each. (Def. Mem. at 9-10). The defendant claims—without any support—that apportionment would result in Nuveen's "best opportunity for being made whole as quickly as possible." (Def. Mem. at 9). The defendant does not explain how this is so, and how having fewer potential avenues for recovery could somehow benefit the victim. Similarly, the defendant argues that he should be granted some leniency because his co-defendant is in a better financial situation at present. The defendant's claims about his co-defendant's financial situation and ability to repay the victim are entirely speculative, as his co-defendant has not yet been sentenced and the Probation Office has not yet evaluated his ability to compensate the victims. While the defendant is correct that the Government froze certain assets belonging to his co-defendant, as outlined in the forfeiture provisions of the Indictment, that does not mean that those assets remain at the same levels as they were the indictment was returned.[1] In addition, the defendant again speculates that his own earning potential will be diminished upon his release from custody thus impacting his ability to contribute to restitution beyond the funds forfeited from him. However, the defendant reported over $17 million in assets to the Probation Office and income of almost $25,000 per month. (*See* PSR ¶ 94). Thus, at a minimum, the defendant has millions of dollars of assets that are not being forfeited—and could grow in value— and provide an additional source of potential restitution to the victims in his case. And, again, at

---

[1] While the Government does not believe that the co-defendant's assets are ultimately relevant in this inquiry, the Government is endeavoring to get additional information on the current status of these accounts in case the Court requests such information.

the most basic level, the defendant is responsible for the full amount of loss in this case. He should be held liable for the full amount of restitution owed to his victim.

## Conclusion

For the reasons set forth above, the Government respectfully submits that the Court should order joint and several restitution between the two co-defendants and reject the defendant's request that the Court apportion that liability.

> Respectfully submitted,
>
> DAMIAN WILLIAMS
> United States Attorney
>
> By: s/ Jason A. Richman
> Jason A. Richman
> Assistant United States Attorney
> (212) 637-2589

Cc: Defense counsel (by ECF)